UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joe Hand Promotions, Inc.,                           Civil No. 11-559   (RHK/FLN)

    Plaintiff,

    v.                                              **REPORT AND RECOMMENDATION**

Kelley S. Sharp, Sharp Properties,
Inc., John Does I-V

    Defendants.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on June 22, 2012 on Defendant's motion for judgment on the pleadings or, in the alternative, motion for summary judgment (ECF No. 18). This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, the Court recommends that Defendant's motion be **GRANTED**.

## I.  BACKGROUND

Plaintiff Joe Hand Promotions, Inc. owns the exclusive commercial-distribution rights to the television broadcast of *UFC 96: Jackson v. Jardine*, a mixed-martial-arts, pay-per-view event that occurred on March 7, 2009. Compl. ¶ 10. Defendant Kelley Sharp is the sole shareholder of Defendant Sharp Properties, Inc., a now-dormant Minnesota corporation that owned and operated Kelley's Bar in Chaska, MN.[1] Sharp Aff. ¶¶ 1, 4, ECF No. 20. Plaintiff alleges that Defendants violated 47 U.S.C. § 605 or, alternatively, 47 U.S.C. § 553 by displaying *UFC 96* at Kelley's Bar on March 7, 2009 without entering into the requisite licensing agreement with Plaintiff. Compl. ¶¶

---

[1] Defendant Sharp Properties, Inc. has not filed an answer or otherwise entered an appearance in this case.

13-15, 19-20.  Plaintiff also brings a claim for conversion.  *Id.* ¶¶ 23-24.

## II.   ANALYSIS

### A.   Standard of review

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2]  Fed.R.Civ.P. 56(a).  To support an assertion that a fact cannot be or is genuinely disputed, a party must cite "to particular parts of materials in the record," show "that the materials cited do not establish the absence or presence of a genuine dispute," or show "that an adverse party cannot produce admissible evidence to support the fact."  Fed.R.Civ.P. 56(c)(1)(A)-(B).  "The court need consider only the cited materials, but it may consider other materials in the record."  Fed.R.Civ.P. 56(c)(3).  In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the nonmovant.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### B.   Vicarious liability under 47 U.S.C. § 605 and 47 U.S.C. § 553

The parties dispute under what circumstances a shareholder may be personally liable for a corporation's violations of 47 U.S.C. § 605 and 47 U.S.C. § 553.  Both statutes are silent on vicarious liability.  *See* 47 U.S.C. § 605(e); 47 U.S.C. § 553(b) & (c).  Plaintiff contends that vicarious liability arises if the shareholder "had the right and ability to supervise the violations and a strong financial interest in the" unauthorized interceptions of the pay-per-view event.  *Joe Hand Promotions, Inc. v. Angry Ales, Inc.*, 2007 WL 3226451 at *4 (W.D.N.C. Oct. 29, 2007); *see also J & J Sports Prods., Inc. v. Betancourt,* 2009 WL 3416431 at *2 (S.D.Cal. Oct. 20, 2009) (same);

---

[2]   The Court elects to treat Defendant's motion as one for summary judgment.

*J & J Sports Prods., Inc.* v. *Potions Bar & Lounge, Inc.*, 2009 WL 763624 at *9 (E.D.N.Y. Mar. 23, 2009) (same); *Kingvision Pay-Per-View Ltd. v. Olivares,* 2004 WL 744226 at *5 (S.D.N.Y. Apr. 5, 2004) (same). Meanwhile, Defendant Sharp contends that the common law doctrine of piercing the corporate veil applies. *See Trs. of the Graphic Commc'ns Int'l Union Upper Midwest Local 1M Health & Welfare Plan v. Bjorkedal*, 516 F.3d 719, 730-31 (8th Cir. 2008) (applying Minnesota law on shareholder liability for corporate debts); *Cooper v. Lakewood Eng'g & Mfg. Co.,* 874 F.Supp. 947, 955 (D.Minn. 1994) (same).

The Court agrees with Defendant Sharp that Plaintiff must pierce the corporate veil in order to hold him liable for the corporation's alleged violation of 47 U.S.C. § 605 or 47 U.S.C. § 553. *See Bjorkedal*, 516 F.3d at 730 ("The primary benefit, and often the primary purpose, of incorporating a closely-held business is to shield the shareholders from liability for the corporation's debts."); *see also* 47 U.S.C. § 605(f) ("Nothing in this section shall affect any right, obligation, or liability under . . . any other applicable Federal, State, or local law."). Plaintiff conceded at the hearing that it could not survive Defendant's motion for summary judgment if the Court were to conclude that the traditional, piercing-the-corporate-veil analysis applies to 47 U.S.C. § 605 and 47 U.S.C. § 553. The Court agrees. Plaintiff has not produced evidence sufficient to pierce the corporate veil and hold Defendant Sharp liable for Defendant Sharp Properties, Inc.'s alleged violation of either statute.[3]

### III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, it is **HEREBY RECOMMENDED** that:

---

[3] Because the Court concludes that Defendant Sharp is entitled to summary judgment on the issue of liability, it does not reach the question of whether the complaint is deficient for failing to specify the means by which Defendants allegedly intercepted *UFC 96*.

1. Defendant's motion for judgment on the pleadings or, in the alternative, motion for summary judgment (ECF No. 18) should be **GRANTED**.

2. Having dismissed all of the claims over which the Court has original jurisdiction, the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining claim against Defendant Sharp for conversion. *See* 28 U.S.C. § 1367(c)(3).

DATED: July 3, 2012                                        *s/ Franklin L. Noel*
                                                                            FRANKLIN L. NOEL
                                                                            United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **July 18, 2012**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **July 18, 2012,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.